IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Benjamin Brian Conner, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:14-cv-4145 |
| v. ) | |
| ) | |
| Nucor Corporation (akak Nucor ) | **ORDER** |
| Steel-Berkeley), ) | |
| ) | |
| Defendant. ) | |



This matter is before the Magistrate Judge's report and recommendation ("R&R"), which was made in accordance with Local Civil Rule 73.02(B)(2)(a), D.S.C., and 28 U.S.C. § 636(b)(1)(B). In the R&R, which was filed on August 31, 2015, the Magistrate Judge considered the Defendant's "partial motion to dismiss" and recommended that the Court grant the motion in part and deny the motion in part. Specifically, the Magistrate Judge determined that to the extent the Plaintiff asserts claims in count 2 of his complaint based on the Vietnam Era Veterans' Readjustment Assistance Act of 1974 ("VEVRA"), the Rehabilitation Act of 1973 ("the Rehab Act"), and public policy, those claims are foreclosed by well-settled law and must be dismissed. In addition, the Magistrate Judge determined that the Plaintiff's breach of contract claim is subject to dismissal for failure to plead specific facts plausibly indicating the existence of an employment contract beyond an at-will relationship. Next, however, the Magistrate Judge determined that the Plaintiff's claims pursuant to the Family Medical Leave Act ("FMLA") (count 4 "interference" and count 2 "retaliation/discrimination") should not be dismissed, but rather, the Plaintiff should be permitted leave to file an amended complaint to clarify those claims.

On September 3, 2015, the Plaintiff filed objections to the R&R along with a motion to amend his complaint and a proposed amended complaint.[1] In his objections, the Plaintiff indicates that he does not object to the Magistrate Judge's recommendation that the Court dismiss the Plaintiff's state claims for breach of contract or wrongful termination and retaliation in violation of public policy. In addition, the Plaintiff indicates that he does not object to the Magistrate Judge's recommendation that the Court dismiss any claims pursuant to VEVRA and the Rehab Act. The Plaintiff requests that he be permitted to proceed on his claims pursuant to the Americans with Disabilities Act ("ADA") and the FMLA, and he asks that the Court permit him to file an amended complaint clarifying those claims. The Defendant has not filed any objections to the R&R or any response in opposition to the Plaintiff's motion to amend.

After review, it is hereby

**ORDERED** that the Magistrate Judge's R&R (Entry 23) is adopted; the Defendant's partial motion to dismiss (Entry 7) is granted in part and denied in part as outlined in the R&R; and the Plaintiff's motion to amend his complaint (Entry 27) is granted. This matter

---

[1] The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

shall be returned to the Magistrate Judge for further proceedings following the Plaintiff's filing of his amended complaint.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

September 30, 2015
Charleston, South Carolina

